**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| EVOLUTION HOSPITALITY, LLC,<br><br>                Plaintiff,<br>-against-<br><br>JEMAL'S RICHARDSON, L.L.C.,<br><br>                Defendant. | Civil Action No.:<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff **EVOLUTION HOSPITALITY, LLC** ("Evolution"), by and through its undersigned attorneys, Harris Beach PLLC, as and for a Complaint against Defendant **JEMAL'S RICHARDSON, L.L.C.** ("Jemal's"), alleges as follows:

## PARTIES

1.      Plaintiff Evolution is a limited liability company formed and registered in the State of California, with its principal place of business in San Clemente, California.

2.      Defendant Jemal's is a limited liability company formed and registered in the State of New York, with its principal place of business in Buffalo, New York.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because the aggregate amount in controversy exceeds $75,000, exclusive of interest, fees, and costs, and there is complete diversity of citizenship between the parties.

4.      This Court has jurisdiction over Jemal's because Jemal's is located in this District.

5.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Jemal's is physically located in and does business in this district.

## RELEVANT CONTRACTS AND PARTY RELATIONSHIPS

6.      Evolution is in the business of managing and operating hotels.

7.      Upon information and belief, Jemal's is in the business of owning and/or leasing hotel properties.

8.      On or about August 15, 2022, Evolution and Jemal's entered into a Hotel Management Agreement ("Management Agreement") under which Evolution would serve as the Manager of the Richardson Hotel located in Buffalo, New York. A copy of the Management Agreement is annexed as Exhibit A.

9.      In exchange for providing services as the Manager, Evolution was to receive a Management Fee that consisted of a (1) Base Fee, (2) Accounting Fee, (3) Revenue Management Fee, and (4) eCommerce Fee. *See* Exhibit A, Article 4.1.

10.      The calculation of the Base Fee, Accounting Fee, Revenue Management Fee, and eCommerce Fee are defined in Schedule 1 to the Management Agreement.

11.      Evolution was also entitled to reimbursement for certain expenses incurred in managing and operating the Richardson Hotel. *See* Exhibit A, Article 4.4.

12.      Evolution and Jemal's subsequently agreed to terminate the Management Agreement, and entered into a Termination Agreement with an Effective Date of January 31, 2023. A copy of the Termination Agreement is attached as Exhibit B.

13.      The Termination Date, as defined in the Termination Agreement, was set as March, 2, 2023. *See* Exhibit B, Paragraph 1.

14.      Under the Termination Agreement, Jemal's was required to pay Evolution "all amounts due to Manager under the Management Agreement through the Termination Date." *See* Exhibit B, Paragraph 5.

15.     This payment was to be made on or before the Termination Date. *Id*.

16.     Under the Termination Agreement, Evolution was to provide Jemal's with an itemized list of all outstanding amounts due under the Management Agreement through the Termination Date. *Id*.

17.     Evolution provided Jemal's with the required itemized list of outstanding amounts owed under the Management Agreement on March 6, 2023. A copy of the March 6, 2023, invoice and correspondence is attached as Exhibit C.

18.     Jemal's failed to challenge Evolution's itemized list of outstanding amounts owed under the Management Agreement.

19.     Jemal's failed to timely make payment of all amounts owed to Evolution under the Management Agreement by the Termination Date.

20.     On March 21, 2023, Evolution issued an invoice in the amount of $194,460.34 to Jemal's representing the amounts owed under the Management Agreement and Termination Agreement as of the Termination Date. A copy of the March 21, 2023, invoice is attached as Exhibit D.

21.     Jemal's failed to challenge the amount of the March 21, 2023, invoice.

22.     Jemal's failed to pay the March 21, 2023, invoice.

23.     On June 8, 2023, Evolution, through counsel, issued a demand letter seeking payment of the $194,460.34 identified in the March 21, 2023, invoice. A copy of the June 8, 2023, demand letter is attached as Exhibit E.

24.     Jemal's failed to challenge the June 8, 2023, demand letter.

25.     Jemal's failed to make payment in response to the June 8, 2023, demand letter.

## FIRST COUNT
### (Breach of Contract)

26.     Evolution repeats all prior allegations.

27.     Evolution and Jemal's are signatories to the Termination Agreement.

28.     The Termination Agreement is an enforceable contract.

29.     Evolution performed its obligations under the Termination Agreement.

30.     Jemal's has not provided payment consistent with its obligations under the Termination Agreement.

31.     As a direct and proximate result, Evolution has suffered substantial damages, including the amounts owed under the Termination Agreement plus interest, amounts expended in pursuit of the payment, and the costs of this action, in an amount to be determined at trial but in any event not less than $194,460.34.

## SECOND COUNT
### (Account Stated)

32.     Evolution repeats and incorporates by reference all prior allegations.

33.     Evolution and Jemal's are signatories to the Termination Agreement.

34.     Evolution provided Jemal's with the required itemized list of outstanding amounts owed under the Management Agreement.

35.     Jemal's received the itemized list of outstanding amounts owed under the Management Agreement.

36.     Jemal's retained the itemized list of outstanding amounts owed under the Management Agreement and never objected to Evolution's itemized list.

37.     On March 21, 2023, Evolution issued an invoice to Jemal's for the amount of $194,460.34, representing the outstanding amounts owed under the Management Agreement as of the Termination Date.

38.     Jemal's received the March 21, 2023, invoice.

39.     Jemal's retained the March 21, 2023, invoice, and never objected to the invoice.

40.     On June 8, 2023, Evolution issued a demand letter for the amount of $194,460.34, representing the outstanding amounts owed under the Management Agreement as of the Termination Date.

41.     Jemal's received the June 8, 2023, demand letter.

42.     Jemal's retained the June 8, 2023, demand letter and never objected to the demand letter.

43.     An account has thus been stated between Evolution and Jemal's in the amount of $194,450.34, due from Jemal's and payable to Evolution.

44.     Evolution has demanded payment of the $194,460.34, but no part of it has been paid.

45.     Jemal's now owes Evolution $194,460.34, plus interest and costs of collection.

## THIRD COUNT
### (Unjust Enrichment)

46.     Evolution repeats and incorporates by reference all prior allegations.

47.     At all relevant times, Evolution supplied hotel management services to Jemal's in faithful execution of Evolution's obligations under Management Agreement and the Termination Agreement.

48.     Jemal's is deficient in its obligations under the Management Agreement and Termination Agreement, having failed to provide compensation to Evolution.

49.     Jemal's has no justification for its failure to compensate Evolution for services rendered.

50.     Jemal's has been enriched by the services provided by Evolution, at Evolution's expense.

51.     Evolution is entitled to compensation for the services rendered to Jemal's in an amount of no less than $194,460.34.

## DEMAND FOR JURY TRIAL

52.     Evolution hereby requests a trial by jury on all issues triable by right.

**WHEREFORE**, Evolution demands judgment against Jemal's for the following:

a.   General and actual damages;

b.   Special damages;

c.   Exemplary damages;

d.   Pre-judgment and post-judgment interest;

e.   Costs of collection of fees, including attorneys' fees;

f.   Costs of suit, including any attorneys' fees and all other costs and fees; and

g.   Such other relief as this Court deems just and proper.

Dated: October 3, 2024
        Albany, New York

/s/Bradley M. Wanner
Bradley M. Wanner, Esq.
**HARRIS BEACH PLLC**
677 Broadway, Suite 1100
Albany, New York 12207
(212) 912-3653
bwanner@harrisbeach.com
*Attorneys for Plaintiff*
*Evolution Hospitality, LLC*